367 So.2d 1008 (1979)
Carmelo GONZALEZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 51242.
Supreme Court of Florida.
February 8, 1979.
*1009 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, Miami, for petitioner.
Jim Smith, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., Miami, for respondent.
PER CURIAM.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, in Gonzalez v. State, 342 So.2d 557 (Fla. 3d DCA 1977), which is in direct conflict with our decision in Dorfman v. State, 351 So.2d 954 (Fla. 1977), thereby vesting jurisdiction in this Court pursuant to article V, section 3(b)(3), Florida Constitution. The instant petition questions petitioner's sentencing.
Petitioner was charged in a three-count information with robbery, carrying a concealed firearm, and unlawful possession of a firearm while engaged in a criminal offense. The jury convicted petitioner on all three counts, and the trial court imposed a single sentence of life imprisonment for the three convictions. Petitioner appealed to the District Court of Appeal, Third District, arguing error by the trial court in imposing a general sentence rather than separate sentences upon the three convictions. The District Court of Appeal, Third District, finding the petitioner's contention to be without merit, affirmed the trial court's imposition of a general sentence.
On review by this Court, petitioner argues that the general sentence he received for the three convictions is invalid as being contrary to our decision in Dorfman v. State and should be vacated. Petitioner further argues that this Court, if it vacates his sentence and remands to the trial court for resentencing, should direct that no sentence be imposed on the conviction for possession of a firearm during the commission of the robbery since that offense arose from the same transaction as his robbery conviction and that under the "single transaction" rule, which petitioner alleges was the controlling law in effect at the time of the commission of the offenses, sentence can be imposed only upon his robbery conviction as it is the more serious of the two offenses. In sum, petitioner argues that his general sentence is invalid pursuant to Dorfman, but that upon resentencing, he should receive only two sentences, one for his conviction of carrying a concealed firearm and one for his conviction of robbery.
First, we deal with petitioner's argument that the trial court should only have imposed two sentences due to the applicability of the "single transaction" rule. In our recent decision in State v. Munford, 357 So.2d 706, 707 (Fla. 1978), we discussed the "single transaction" rule, stating:
Prior to October 1, 1976, the law with regard to the sentencing of an individual upon his conviction of two or more criminal offenses arising out of the same transaction was accurately reflected by the decisions in Montgomery v. State, [332 So.2d 679 (Fla. 1st DCA 1976)], and Jackson v. State, [311 So.2d 811 (Fla. 1st DCA 1975)], which held that upon the conviction of two or more offenses arising out of the same transaction, an individual could only be sentenced for the higher of such offenses. Although Section 775.021(4), Florida Statutes (Supp. 1976), as of October 1, 1976, replaced the holdings of Montgomery v. State, supra, and Jackson v. State, supra, as the controlling law on the question sub judice, the statute was not in effect on November 3, 1975, and cannot be applied retroactively to the cross-petitioner's detriment. Higginbotham v. State, 88 Fla. 26, 101 So. 233 (1924). Cross-petitioner was entitled to be sentenced pursuant to the law in effect *1010 on November 3, 1975, which required a sentence consistent with the decisions in Montgomery v. State, supra, and Jackson v. State, supra.
In the instant case, petitioner having committed the crimes on May 24, 1975, State v. Munford requires that the "single transaction" rule be employed if applicable. The decisive question thus becomes whether the offense of possession of a firearm while engaged in a criminal offense arose from the same transaction as the robbery offense so as to mandate the application of the "single transaction" rule.
Count I of the information charged robbery and stated in pertinent part:
CARMELO GONZALEZ and DONNA DERICHO on the 24th day of May, 1975, in the County and State aforesaid, did unlawfully and feloniously by force, violence or assault or putting in fear, rob, steal and take away from the person or custody of BLASINO HERNANDEZ, and against his will certain monies or other property, to-wit [sic]: CASH ... .
Count III of the information charged possession of a firearm while engaged in a criminal offense and stated in pertinent part:
CARMELO GONZALEZ, on the 24th day of May, 1975, in the County and State aforesaid, did unlawfully and feloniously display a certain firearm, to-wit [sic]: A PISTOL, while at said time and place the defendant was committing a felony, to-wit [sic]: ROBBERY... .
A reasonable inference to be concluded from the two violations charged is that they were a part of the same transaction involving the robbery of Blasino Hernandez. Indeed, an examination of the record establishes that the pistol which forms the basis of count III was the force employed to accomplish the robbery charged in count I. In Cone v. State, 285 So.2d 12 (Fla. 1973), we held that where a single information charges the offense of armed robbery and the offense of using a firearm during the commission of the robbery, upon conviction of both charges, only a sentence for the higher offense can be imposed because each offense was no more than a facet of the same transaction. Based on an examination of the record and on our previous decision in Cone v. State, we find that count I and count III of the instant information are each facets of the same transaction and that pursuant to State v. Munford petitioner is entitled to be sentenced in accordance with the law in effect on May 24, 1975, which requires a sentence consistent with the "single transaction" rule.
We now consider the issue upon which certiorari was granted for conflict. This Court in Dorfman v. State was called upon to determine the propriety of general sentences. The defendant was adjudicated guilty of nine counts of lewd and lascivious assault on a minor female without intent to commit rape and was committed to the state hospital as a mentally disordered sex offender. After his release from the hospital, the defendant was placed on probation, but his probation was subsequently revoked and he was given a general sentence of three years without apportionment of the term among the nine counts. In disapproving of the defendant's general sentence, we opined:
It is virtually impossible to show that there has been any prejudice to Dorfman, particularly since he pled guilty to all nine counts. The evil of a general sentence, however, inheres in the uncertainty that its inscrutability creates, for if the trial judge had committed a reversible error as to any count for any reason, the entire sentence would have to be vacated. Then, on resentencing, a failure to reduce a new sentence for the affirmed conviction or convictions could raise complications comparable to those arising from the imposition of a more severe sentence when a defendant is convicted on retrial of the charges which underlay the reversed conviction. We conclude and now hold that general sentences are no longer proper and they may not be imposed by any trial court.

351 So.2d at 957 (emphasis supplied) (footnote omitted). Our decision in Dorfman is *1011 clear and unambiguous, and it explicitly prohibits the imposition of a general sentence on any criminal defendant. Although recognizing that our decision in Dorfman had not yet been announced when the District Court of Appeal, Third District, rendered its decision in the instant case, we nevertheless hold that it controls the instant question and requires that petitioner's general sentence be vacated. Carroll v. State, 361 So.2d 144 (Fla. 1978).
It remains for us to adopt a schedule for the application of Dorfman to pending appeals. The Dorfman rule rests on policy considerations rather than the fundamental rights of persons convicted, and we therefore decline to give it a blanket retroactive application. We hold that general sentences imposed before the rendition of Dorfman are subject to being vacated on appeal only in cases not yet final on appeal at the time of the Dorfman decision, and only where a challenge to the general sentence has been made and properly preserved as a question for appellate review.
Petitioner's general sentence is vacated and the cause is remanded to the trial court for resentencing. On resentencing, petitioner can receive only two sentences, one for his conviction of carrying a concealed firearm and one for his conviction of robbery.
It is so ordered.
ADKINS, BOYD, OVERTON and SUNDBERG, JJ., concur.
ALDERMAN, J., concurs in part and dissents in part with an opinion, with which ENGLAND, C.J., and HATCHETT, J., concur.
ALDERMAN, Judge, concurring in part, dissenting in part.
I concur with the holding of the majority that Dorfman v. State should apply to this case in light of Carroll v. State, 361 So.2d 144 (Fla. 1978), and with the schedule adopted by the majority for the application of Dorfman to pending appeals. I cannot, however, agree with the additional holding of the majority that armed robbery and using a firearm during commission of the robbery are facets of the same transaction for which only one sentence may be imposed.
Defendants were convicted of robbery (section 813.011, Florida Statutes (1973)) and unlawful possession and display of a firearm while engaged in a criminal offense (section 790.07, Florida Statutes (1973)). By enactment of sections 813.011 and 790.07, it is clear that the legislature intended to create two separate offenses leading to two separate convictions and two separate sentences. Our holding in Cone v. State, 285 So.2d 12 (Fla. 1973), is no longer viable in light of later decisions emanating from this Court on this subject, including Estevez v. State, 313 So.2d 692 (Fla. 1975). I would expressly recede from Cone and allow on remand the imposition of separate sentences for these two separate offenses.
ENGLAND, C.J., and HATCHETT, J., concur.