370 So.2d 1179 (1979)
STATE of Florida, Appellant,
v.
Rollin W. ZIMMERMAN, Appellee.
No. 78-2086.
District Court of Appeal of Florida, Fourth District.
March 14, 1979.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellant.
Joseph R. Moss and Thomas R. Townsend, Jr., of Moss, Young, Denman, Sawyer & Murray, P.A., Cocoa, for appellee.
PER CURIAM.
The State of Florida seeks through interlocutory appeal review of an order of the trial court transferring a criminal action from the circuit court to the county court. We reverse.
The appellee, Rollin W. Zimmerman, was charged by information with five counts of willfully certifying the correctness of campaign *1180 contribution and expenditure reports while knowing such reports to be incorrect, false or incomplete in violation of § 106.07(6), Florida Statutes. Appellee moved to dismiss the information on the ground that the circuit court lacked jurisdiction in that the alleged offenses were misdemeanors pursuant to § 106.19(1), Florida Statutes. The trial court, after hearing on the motion, entered an order transferring the cause to the county court on the ground that the two statutes each proscribed the same conduct, and therefore, since the punishment provisions of these statutes were inherently inconsistent, the misdemeanor statute must be considered as controlling. The state then filed the instant interlocutory appeal.
In 1973 the state legislature adopted the Campaign Financing Act, ch. 73-128, Laws of Florida. Among the provisions of the Act were those now denoted as Section 106.07(6) and Section 106.19(1), Florida Statutes, respectively. Section 106.07(6)[1] provides that the willful and knowing certification of an incorrect, false or incomplete campaign contribution report is a felony of the third degree. Section 106.19(1)[2] provides, inter alia, that whosoever fails to report a campaign contribution or falsely reports or fails to include any information required by the Campaign Financing Act in a report is guilty of a misdemeanor of the first degree. The appellee contends that since the filing of an incorrect, false or incomplete report by a candidate, campaign treasurer or deputy campaign treasurer necessarily includes a false certification thereof, these two respective statutes proscribe the same conduct, yet provide for inconsistent punishment. Therefore, in a criminal action this inconsistency must be resolved in favor of the accused, thus limiting the prosecution to the misdemeanor offense.
It is an axiom of statutory construction that the legislature would not enact a purposeless and therefore useless piece of legislation. Sharer v. Hotel Corporation of America, 144 So.2d 813 (Fla. 1962). It is the judiciary's duty to uphold and give effect to all provisions of a legislative enactment, and to adopt any reasonable view that will do so. Tyson v. Lanier, 156 So.2d 833 (Fla. 1963).
Florida's Campaign Financing Act places the responsibility on the campaign treasurer to file regular reports of all contributions received, and all expenditures made, by or on behalf of a candidate for political office. Section 106.07(1), Florida Statutes. The making and filing of a false or incomplete report is a misdemeanor under the provisions of Section 106.19(1), Florida Statutes. Here, the appellee is not charged with the preparation or filing of a false report. Rather, the crime charged is that appellee willfully and knowingly certified under oath that the campaign contribution and expenditure reports filed during his campaign were complete, true and correct. The elements of the misdemeanor and felony acts differ in that it is the false *1181 certification of a campaign contribution and expenditure report that constitutes the felony. Although at trial, the proof adduced may also constitute the crime of false reporting, it is the additional element of making the false certification which differentiates the felony from the misdemeanor act. These two crimes are therefore not inconsistent.
Appellee further contends that the provisions of § 106.18 and § 106.21 of the Campaign Financing Act indicate that the legislature intended the misdemeanor provisions of § 106.19(1) to be the controlling provisions with regard to incorrect campaign contribution and expenditure reports. Sections 106.18 and 106.21 provide respectively:

106.18 When a candidate's name to be omitted from ballot. 
(1) The name of a candidate shall not be printed on the ballot for an election if the candidate is convicted of violating § 106.19.
(2) Any candidate whose name is removed from the ballot pursuant to subsection (1) is disqualified as a candidate for office. If the disqualification of such candidate results in a vacancy in nomination, such vacancy shall be filled by a person other than such candidate in the manner provided by law.
(3) No certificate of election shall be granted to any candidate until all preelection reports required by § 106.07 have been filed in accordance with the provisions of § 106.07 or § 106.20.

106.21 Certificates of election not to be issued upon conviction. 
(1) If a successful candidate is convicted of violating § 106.19(1) prior to the issuance of his certificate of election, such certificate shall not be issued, and a vacancy shall be declared and filled as provided by law.
(2) If a successful candidate is convicted of violating § 106.19(1) subsequent to the issuance of a certificate of election but prior to taking office, such certificate shall be rescinded by the issuing body and declared void, and a vacancy in office shall exist and be filled as provided by law.
Appellee also contends that since only violations of § 106.19 will provide grounds for removal of a candidate's name from the ballot, or withholding or revocation of a certificate of election, that this constitutes clear evidence that the legislature intended the provisions of § 106.19 to be paramount to those of § 106.07(1). Appellee's argument fails to recognize that our state constitution and laws provide other remedies for public officials who commit felony acts. See, e.g., Fla. Const., art. IV, § 7(a) (1968); Section 112.42, Florida Statutes (1977). Thus it appears that the legislature was attempting to fill a gap in the law through enactment of § 106.18 and § 106.21, and in no way intended these enactments to limit the application of the felony provisions of § 106.07(6). In conclusion, we determine that § 106.07(6) and § 106.19(1) proscribe different conduct and are separate and distinct offenses. Therefore, the trial court erred in holding that the offenses charged in the information filed against the appellee were misdemeanors.
Accordingly, the order of the trial court is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed and remanded.
DOWNEY, C.J., and CROSS and BERANEK, JJ., concur.
NOTES
[1] § 106.07(6) The candidate and his campaign treasurer, in the case of a candidate, or the political committee chairman and campaign treasurer of the committee, in the case of a political committee, shall certify as to the correctness of each report, and each person so certifying shall bear the responsibility for the accuracy and veracity of each report. Any campaign treasurer, candidate, or political committee chairman who willfully certifies the correctness of any report while knowing that such report is incorrect, false, or incomplete is guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
[2] § 106.19(1) Any candidate; campaign manager, campaign treasurer, or deputy treasurer of any candidate; committee chairman, vice chairman, campaign treasurer, deputy treasurer, or other officer of any political committee; agent or person acting on behalf of any candidate or political committee; or other person who knowingly and willfully:

(a) Accepts a contribution in excess of the limits prescribed by § 106.08;
(b) Fails to report any contribution required to be reported by this chapter;
(c) Falsely reports or deliberately fails to include any information required by this chapter; or
(d) Makes or authorizes any expenditure in violation of § 106.11(3), or any other expenditure prohibited by this chapter;
is guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083.