BERANEK, Judge.
In this appeal defendant seeks reversal of his conviction of keeping a gambling house. We affirm. Defendant was tried in the Circuit Court and a jury found him guilty of this charge under Section 849.01, Florida Statutes (1977). The defendant was charged in a two-count information filed in Circuit Court. Count One charged keeping a gambling house contrary to Section 849.-01, Florida Statutes (1977), by running a bingo game not in compliance with Section 849.093, Florida Statutes (1977). The defendant moved to dismiss the information and urged that the charge against him was actually a misdemeanor instead of a felony and that the case should have been filed in County Court. Section 849.01, Florida Statutes (1977), provides that a violation thereof *447 is a third degree felony.[1] Section 849.093, Florida Statutes (1977), the Florida bingo law, provides that violation thereof is a misdemeanor.[2]
The basic question is whether there is a difference between the felony charge of keeping a gambling house and the misdemeanor charge of knowingly engaging in an improper bingo game.
Appellant argued below and rear-gues here that Sections 849.093 and 849.01, Florida Statutes (1977), proscribe the identical crime. He thus maintains the statutes are vague and he should be charged under the misdemeanor provisions of Section 849.-093 rather than the felony provisions of Section 849.01. As stated by our Supreme Court in Fayerweather v. State, 332 So.2d 21 (Fla.1976). “It is not unusual for a course of criminal conduct to violate laws that overlap yet vary in their penalties. Multiple sentences are even allowed for conduct arising from the same incident.” Supra at 22. Confronted with a similar argument to the one below, this Court *448 recently held in State v. Zimmerman, 370 So.2d 1179 (Fla. 4th DCA 1979) that the felony of false certification of a campaign report under Section 106.07(6) was a separate crime from the misdemeanor of filing a false campaign report under Section 106.-19(1). In Zimmerman, the State appealed an order transferring the cause to County Court. This Court reversed finding the matter properly charged in Circuit Court as a felony because the felony statute required proof of an additional element. We reach a similar conclusion here that appellant was properly charged with a felony because the two gambling statutes, Sections 849.093 and 849.01, are different in that Section 849.093 is a specialized exception to the general prohibition against gambling. See Carroll v. State, 361 So.2d 144 (Fla.1978).
Carroll holds the bingo statute constitutional and points out that the Legislature of this State has allowed “worthy organizations” to receive the benefits of the statute. The bingo statute is basically a classification statute. To come within the bingo statute exception a defendant must first be a three-year old, non-profit organization or a veterans’ organization engaged in charitable, civic, community, benevolent, religious, scholastic, or other similar activities. The status of the defendant as being within the class of “worthy organizations” is a threshold question for the application of the Section 849.093 exception. An individual who is not such a “worthy organization” may not have the benefit of the bingo statutory exception. If such an individual operates a bingo game and violates the other elements of Section 849.01, he may be found guilty of keeping a gambling house. This crime by an individual (not a “worthy organization”) has been classified by the Legislature as a felony. The difference between the two statutes is basically the status of the defendant.
In the instant case the State presented evidence that defendant was not within the class of “worthy organizations” in the bingo statute. This was presented to the jury as a factual question and the jury impliedly found against the defendant on the issue. In conclusion we find the evidence was sufficient to support the felony conviction herein and that the trial court did not err in refusing to transfer the matter to the County Court as a misdemeanor.
AFFIRMED.
MOORE, J., and MELVIN, WOODROW M., Retired, Associate Judge, concur.

. 849.01 Keeping gambling houses, etc.
—Whoever by himself, his servant, clerk or agent, or in any other manner has, keeps, exercises or maintains a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling or in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
History. — s. 1, ch. 3764, 1887; RS 2644; GS 3572; RGS 5499; CGL 7657; s. 1059, ch. 71-136.
cf. — s. 901.19 Disposition of apparatus.
s. 933.02 Search warrants, implements and appliances.

. 849.093 Charitable, nonprofit organizations; certain endeavors permitted.—
(1) None of the provisions of this chapter shall be construed to prohibit or prevent nonprofit or veterans’ organizations engaged in charitable, civic, community, benevolent, religious or scholastic works or other similar activities, which organizations have been in existence for a period of 3 years or more from conducting bingo games or guest games, provided that the entire proceeds derived from the conduct of such games shall be donated by such organizations to the endeavors mentioned above. In no case shall the proceeds from the conduct of such games be used for any other purpose whatsoever.
(2) If an organization is not engaged in efforts of the type set out above, its right to conduct bingo or guest games hereunder shall be conditioned upon the return of all the proceeds from such games to the players in the form of prizes. If at the conclusion of play on any day during which bingo or guest is allowed to be played under this section there remain proceeds which have not been paid out as prizes, the nonprofit organization conducting the game shall at the next scheduled day of play conduct bingo or guest games without any charge to the players and shall continue to do so until the proceeds carried over from the previous days played have been exhausted. This provision in no way extends the limitation on the number of prize or jackpot games allowed in one night as provided for in subsection (4).
(3) The number of days during which such organizations as are authorized hereunder may conduct bingo or guest games per week shall not exceed two.
(4) No jackpot shall exceed the value of $100 in actual money or its equivalent and there shall be no more than one jackpot in any one night.
(5) There shall be only one prize or jackpot on any one day of play of $100. All other game prizes shall not exceed $25.
(6) All persons involved in the conduct of any bingo or guest game must be a resident of the community where the organization is located and a bona fide member of the organization sponsoring such games and shall not be compensated in any way for operation of said bingo or guest game.
(7) No one under 18 years of age shall be allowed to play.
(8) Bingo or guest games shall be held only on property owned by the nonprofit organization or by the charity or organization that will benefit by the proceeds, on property leased full time by such organization for a period of not less than 1 year, or on property owned by and leased from another nonprofit organization qualified under this section.
(9) Any organization or other person who willfully and knowingly violates any provision of this section is guilty of a misdemean- or of the first degree, punishable as provided in s. 775.082 or s. 775.083. For a second or subsequent offense, the organization or other person is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083 or s. 775.084.
History. — s. 1, ch. 67-178; s. 1, ch. 73-229; s. 69, ch. 77-121.