The Honorable David H. Pingree Secretary Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32301
Dear Secretary Pingree:
This is in response to your request for an opinion on substantially the following question:
 ARE THE MANDATORY FUNDING REQUIREMENTS OF s 394.76, F.S., APPLICABLE TO SERVICES AND PROGRAMS PROVIDED UNDER CH. 396, `THE COMPREHENSIVE ALCOHOLISM PREVENTION, CONTROL AND TREATMENT ACT'?
The legislative findings and declaration of purpose for enactment of Ch. 396, F.S., the `Comprehensive Alcoholism Prevention, Control and Treatment Act,' is expressed in s 396.022, F.S. Pursuant to s 396.022(2), F.S., programs for the prevention, treatment and control of alcoholism should be based in the community, provide a comprehensive range of services and `. . . beintegrated with, and involve, the active participation of a wide range of public and nongovernmental agencies, especially communitymental health programs.' (e.s.) The Department of Health and Rehabilitative Services is required by s 396.042(1), F.S., to formulate and effect a plan for the prevention, treatment and rehabilitation of alcoholics. In developing and setting this plan into effect, the department must `[p]rovide services throughexisting mental health centers, clinics, and other appropriate treatment resources.' (e.s.) Section 396.042(2)(b), F.S. A `treatment resource,' as defined in Ch. 396, F.S., is any private or public facility, service or program providing treatment or rehabilitation for alcoholics. Section 396.032(4), F.S. Included in the definition of `treatment resource' are community mental health centers, clinics or programs. Section 396.032(4), F.S. The department is mandated to `(d)evelop, encourage, and foster statewide, regional, and local plans and programs in the field of alcoholism, which, whenever possible, will be carried out throughthe services and programs provided under the Community MentalHealth Act, part IV of chapter 394.' (e.s.) Section 396.042(2)(g), F.S. Section 396.052(1), F.S., requires the department, to the fullest extent possible, to `. . . utilize the facilities, and coordinate its programs with the programs, of community mental health centers presently existing or hereafter to be established.' Alcoholism treatment services and facilities within the purview of s 396.052, F.S., include: emergency medical-social services and facilities; outpatient facilities (including community mental health centers); intermediate care services (including community mental health centers); and inpatient short term or extended care facilities (including community mental health centers). Section 396.052(1), F.S.
The funding and fiscal management of programs developed under Ch. 396, F.S., are controlled by Rule 10E-3.42(3)(a), F.A.C., which provides that `[r]ules and practices pertaining to funding and fiscal management shall conform to those set forth in the Florida Administrative Code, 10E-4.09(3), 10E-4.12.' These administrative code provisions regulate Community Mental Health Services programs. Rule 10E-4.12, F.A.C., provides specific information to determine the state's share of financial participation and the share of the local governing body within the uniform formula described in s 394.76(4), F.S. The specific provision of s 396.042(2)(g), F.S., requires that state and local alcoholism programs be provided through the services and programs provided under the Community Mental Health Act. `[A]ll community-based, state-aided mental health and alcoholism prevention, treatment, and control programs,' are funded pursuant to s 394.76, F.S., and Rules 10E-4.09(3) and 10E-4.12, F.A.C. Pursuant to principles of construction regarding validly promulgated administrative rules, these rules have the force and effect of law until judicially determined otherwise. See, Florida Livestock Board v. Gladden,76 So.2d 291 (Fla. 1954); In re Briley's Estate, 155 Fla. 798,21 So.2d 595 (Fla. 1945); AGO 076-185.
The Community Mental Health Act, Ch. 394, Part IV, F.S., declares the intent of the Legislature to, inter alia, organize and finance community mental health services in communities throughout the state through locally administered and controlled community mental health programs; integrate state-operated and community mental health programs into a unified mental health system; establish a uniform ratio of state government responsibility and local participation in financing mental health services and include community mental health care as a component of the integrated delivery system required to be developed by the Department of Health and Rehabilitative Services. Section 394.65(1), (3), (5), (8), F.S. Mental health boards are established, as provided in s 394.70, F.S., to coordinate mental health services within department service districts or subdistricts as set forth in s20.19, F.S. The mental health boards are required to prepare district mental health plans which reflect the program priorities established by the department and the needs of the district and include a list of the mental health services and service providers which will receive state and county funds. Section 394.75(1)(a), F.S. A portion of the plan shall provide for `. . . the fullest possible and most appropriate participation by existing programs . . . alcoholism programs . . . and all other public and private agencies and personnel which are required to, or may agree to, participate in the plan.' (e.s.) Section 394.75(2)(c)4., F.S. The plan may include but is not limited to, the establishment of: inpatient services; outpatient services; partial hospitalization services; emergency services; consultation and education services; and diagnostic services. Section 394.75(3)(a-f), F.S. It is the duty of each mental health board to receive and disburse such funds as are entrusted to it by law or otherwise, including funds from both private and public sources. Section 394.71(2), F.S. In addition to the duties set forth in Ch. 394, Part IV, F.S., the district mental health boards are responsible for accepting all state funds in accordance with the district mental health plan. Rule 10E-4.09(3)(a) and (b), F.A.C. See also, Rule 10E-4.09(3)(d)c., F.A.C., which states that the district mental health board must conduct program planning and evaluation functions in the areas of alcoholism, mental health and other special programs, and Rule 10E-4.09(4) which describes the administrative functions of the district mental health board as including `. . . any other duties that maybe necessary to carry out the intentions of the Community Mental Health Services Act, . . . and the Comprehensive Alcoholism Prevention, Control, and Treatment Act. . . .'
The financing of community mental health services and programs is based upon a uniform ratio reflecting both state government responsibility and local participation in financing mental health services. Section 394.66(5), F.S. The state portion of financial participation is seventy-five percent of the total operating cost less the following: nonreimbursable expenses pursuant to s394.76(7), F.S.; federal grants, excluding Title IVA and VI funds of the Social Security Act; and inpatient and third-party payments for which reimbursement is sought from the state. Section394.76(4)(a) 1-3, F.S. The intent of this funding provision is set out clearly in s 394.76(4)(b), F.S.:
 It is the intent to establish a uniform funding percentage of 75 percent state financial participation for all community-based, state-aided mental health and alcoholism prevention, treatment, and control programs . . . .
In order to be qualified for receipt of state matching funds, there must be in existence within the board district applying for such funds those services described in s 394.75(3)(a-f), F.S., as set forth above. Local governing bodies are required by s394.76(9), F.S., to participate in the funding of mental health services within their respective jurisdictions. Section 394.76(9), F.S., provides that:
 State funds for community mental health services shall be matched by local matching funds on a three to one basis respectively. Governing bodies within a district or subdistrict shall be required to participate in the funding of mental health services under the jurisdiction of said governing body. The amount of the participation shall be at least that amount which, when added to other available local matching funds, is necessary to match state funds.
See also, Sandegren v. State ex rel. Sarasota County Public Hospital Board, 397 So.2d 657 (Fla. 1981), holding, in part, that a county has a clear legal duty to fulfill its obligation to match state funds in funding mental health services imposed by the Comprehensive Mental Health Plan statute, and also holding that the funding of such local programs is a ministerial rather than a discretionary act which is enforceable through mandamus.
In view of the reference in s 394.76(4)(b), F.S., regarding funding for mental health and alcoholism programs, the legislative intent expressed in s 396.022, F.S., and reflected in s 396.042(2)(b) and (g), F.S., and in s 396.052(1), F.S., the reference in s 396.102(3), F.S., and the specific reference to Part IV of Ch. 394 in s 396.042(2)(g), F.S., and other references in Ch. 396, F.S., to community mental health centers, Ch. 394, Part IV, F.S., and Ch. 396, F.S., should be considered together. By construing these chapters in pari materia, alcoholism programs under Ch. 396, F.S., can be seen to be an integral component of the community mental health programs and services provided under Ch. 394, F.S., which are to be financed as provided in s 394.76, F.S., and as otherwise provided in both statutes and applicable administrative rules. See, e.g., Ferguson v. applicable administrative rules. See, e.g., Ferguson v. State, 377 So.2d 709
(Fla. 1979), and Singleton v. Larson, 46 So.2d 186 (Fla. 1950).
The legislative intent, as expressly declared in s 396.022(2), F.S., and as expressed or implicit in s 396.042(2)(b), (g), F.S., and s 396.052(1), F.S., controls on the issue of funding and shared state/local cost responsibilities regarding the alcoholism program as an integral part of the community mental health programs. See, e.g., State v. Williams, 343 So.2d 35 (Fla. 1977); Johnson v. State, 336 So.2d 93 (Fla. 1976); Paskind v. State exrel. Salcines, 390 So.2d 1198 (2 D.C.A. Fla., 1980), which indicate that it is a fundamental rule of statutory construction, to which all other rules are subordinate, that the legislative intent of a statute must be ascertained and effectuated. See, American Bakeries Co. v. Haines City, 180 So. 524, 532 (Fla. 1938).
The obvious interrelationship of the provisions of Ch. 394, Part IV, F.S. and Ch. 396, F.S., and the F.A.C. rules regarding the financing and budgets under the `Community Mental Health Services Act' and the `Comprehensive Alcoholism Prevention, Control and Treatment Act' lead me to conclude that the mandatory funding requirements of s 396.76, F.S., do apply to alcoholism services and programs provided pursuant to Ch. 396, F.S., as and when those services and programs constitute a part of the approved district mental health plan.
Therefore, unless and until judicially determined otherwise, I am of the opinion that the mandatory funding requirements of s394.76, Part IV, Ch. 394; F.S. (the Community Mental Health Act), apply to services and programs for the prevention, care and treatment of alcohol abuse and alcoholism provided pursuant to Ch. 396, F.S. (the Comprehensive Alcoholism Prevention, Control and Treatment Act), through community mental health centers, clinics or programs existing and provided for under the Community Mental Health Act and duly approved district mental health plans.
Sincerely,
Jim Smith Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General