The Honorable Lee H. Cannon Sheriff, Pasco County 8700 Citizen Drive New Port Richey, Florida 34654
Dear Sheriff Cannon:
You ask the following questions:
1. May a resident group from an adult recreational vehicle park operate bingo for their residents under section 849.0931(3), Florida Statutes, as long as all the proceeds are returned to the players in the form of prizes?
2. Would any group or organization be entitled to conduct bingo under section 849.0931(3), Florida Statutes, as long as they return all the proceeds in the form of prizes?
In sum:
1. A resident group from an adult recreational vehicle park has not been authorized by the Legislature to operate bingo for their residents under section 849.0931(3), Florida Statutes, even though all the proceeds are returned to the players in the form of prizes.
2. Section 849.0931(3), Florida Statutes, does not authorize a group or organization, except those expressly specified therein, to conduct bingo games even though such group or organization returns all the proceeds in the form of prizes.
As your questions are interrelated, they will be answered together.
Section 849.09, Florida Statutes, makes it unlawful for any person in this state to promote or conduct a lottery for money or anything of value. Section 849.0931(2)(a), Florida Statutes, however, provides:
None of the provisions of this chapter shall be construed to prohibit or prevent charitable, nonprofit, or veterans' organizations engaged in charitable, civic, community, benevolent, religious, or scholastic works or other similar endeavors, which organizations have been in existence and active for a period of 3 years or more, from conducting bingo games, provided the entire proceeds derived from the conduct of such games, less actual business expenses for articles designed for and essential to the operation, conduct, and playing of bingo, are donated by such organizations to the endeavors mentioned above. In no case may the net proceeds from the conduct of such games be used for any other purpose whatsoever. The proceeds derived from the conduct of bingo games shall not be considered solicitation of public donations.
In addition, section 849.0931, Florida Statutes, authorizes a condominium association, a mobile home owners' association, or a group of residents of a mobile home park as defined in chapter 723, Florida Statutes to conduct bingo.[1] Such a right is conditioned upon the return of the net proceeds from such games to players in the form of prizes after having deducted the actual business expenses for such games for articles designed for and essential to the operation, conduct and playing of bingo.[2] Any net proceeds remaining after paying prizes may be donated to a charitable, nonprofit, or veterans' organization which is exempt from federal income tax under s. 501(c) of the Internal Revenue Code to be used by such recipient organization's charitable, civic, community, benevolent, religious, or scholastic works or similar activities or, alternatively, to be used as specified in subsection (3).[3]
The term "mobile home park" is defined by section 723.003(6), Florida Statutes, to mean a use of land in which lots or spaces are offered for rent or lease for the placement of mobile homes and in which the primary use of the park is residential. The term "mobile home" is defined by section 723.003(3), Florida Statutes, to expressly exclude structures originally sold as a recreational vehicle. Thus, a group of residents from an adult recreational vehicle park would not fall within the provisions of section849.0931(4), Florida Statutes.
Since a group of residents from an adult recreational vehicle park would not appear to be an organization authorized by either subsection (2) or (4) of section 849.0931, Florida Statutes, to conduct bingo games, you ask whether the language in subsection (3) of the statute permits such a group to run bingo games if all of the proceeds are returned to the players as prizes.
As noted above, section 849.0931(2)(a), Florida Statutes, authorizes a qualified charitable, nonprofit, or veterans' organization to conduct bingo games for the purpose of raising money for the broad categories of social endeavors set forth above.[4] Section 849.0931(3), Florida Statutes, however, provides that "[i]f an organization is not engaged in efforts of the type set out above, its right to conduct bingo games hereunder is conditioned upon the return of all the proceeds from such games to the players in the form of prizes."[5]
Subsection (3) of the statute would, therefore, appear to permit a qualified charitable, nonprofit, or veterans' organization to conduct bingo games even when not raising money for such endeavors if all of the proceeds are returned to the players in the form of prizes.
Such an interpretation is consistent with that given by the courts to substantially the same language contained in the predecessor statute, section 849.093, Florida Statutes 1991. Although section849.0931, Florida Statutes, has not been the subject of substantial review by the appellate courts, the language of section 849.093, Florida Statutes 1991, has been interpreted.
The courts have stated that the effect of section 849.093, Florida Statutes 1991, was to remove bingo from the prohibitions against gambling contained in chapter 849, Florida Statutes, provided that the bingo is conducted by certain not-for-profit organizations in accordance with the terms specified therein.[6] The language currently contained in section 849.0931(2)(a) and (3), Florida Statutes, is substantially the same as that of former section 849.093(1) and (2), Florida Statutes 1991. In reviewing the former statute, The Supreme Court of Florida in Carroll v. State,[7]
considered the provisions of subsections (1) and (2) of section 849.093 and stated:
Taken together, subsections (1) and (2) permit non-profit or veterans' organizations to conduct bingo or guest games so long as the purpose is either to raise money for certain broad categories of social welfare or for the pure recreation and enjoyment of their members.[8]
In light of the above, I am of the opinion that section849.0931(3), Florida Statutes, does not authorize any organization to conduct bingo games but rather permits a qualified charitable, nonprofit, or veterans' organization to conduct such games for the recreation and enjoyment of its members rather than to raise money provided that all of the proceeds to the players in the form of prizes. Inasmuch as a group of residents of an adult recreational vehicle park is not currently authorized to conduct bingo under section 849.0931(2)(a) or (4), Florida Statutes; section849.0931(3), Florida Statutes, would not authorize such group to conduct bingo games even though all of the proceeds are returned to the players in the form of prizes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 849.0931(4), Fla. Stat. (1993).
[2] Id.
[3] Section 849.0931(4), Fla. Stat. (1993), requires that such charitable, nonprofit, or veterans' organization receiving any net proceeds be exempt from federal income tax under s. 501(c) of the Internal Revenue Code.
[4] See, s. 849.0931(1)(c), Fla. Stat. (1993), defining "Charitable, nonprofit, or veterans' organization" to mean an organization that has qualified for exemption from the federal income tax as an exempt organization under s. 501(c) of the Internal Revenue Code of 1954 or s. 528 of the Internal Revenue Code of 1986, as amended, that is engaged in charitable, civic, community, benevolent, religious, or scholastic works or other similar activities; and which has been in existence and active for a period of 3 years or more.
[5] Section 849.0931(3), Fla. Stat. (1993), further provides that if at the conclusion of play on any day there remain proceeds which have not been paid out as prizes, the organization conducting the game "shall at the next scheduled day of play conduct bingo games without charge to the players and shall continue to do so until the proceeds carried over from the previous days played have been exhausted." This provision, however, does not extend the limitation on the number of prize or jackpot games allowed in one day provided for in s. 849.0931(5), Fla. Stat. (1993).
[6] See, Perlman v. State, 269 So.2d 385 (Fla. 4th DCA 1972) (only when bingo is conducted by qualified operators and within certain statutory limits is the operation legal and immune from the effects of the gambling chapter; bingo per se is not removed from the purview of the chapter). And see, Greater Loretta Improvement Association v. State ex rel. Boone, 234 So.2d 665
(Fla. 1970).
[7] 361 So.2d 144 (Fla. 1978).
[8] Id. at 146.