Chief Morrey Deen Ocala Police Department Post Office Box 1270 Ocala, Florida 32678
Dear Chief Deen:
You ask substantially the following questions:
1. May a for-profit corporation lease space in a building, erect signs stating that the for-profit entity is a charity bingo operation and supply the necessary equipment, and then sublease the premises to several qualified charitable non-profit organizations to conduct bingo on the premises?
2. May an officer of the for-profit corporation that leases space to the nonprofit or charitable organization conducting the bingo games directly assist in the operation of the bingo games?
In sum:
1. While a for-profit corporation may enter into a lease agreement of one year or longer under which the corporation subleases space to qualified charitable, nonprofit, or veterans' organizations for such organizations to conduct bingo operations, the for-profit corporation may not represent that it is a charity bingo operation. The corporation may not receive any percentage of the proceeds from the bingo operation and any rental payments made by the charitable, nonprofit or veterans' organization to the corporation must be reasonable and no greater than that charged for similar premises in the same locale.
2. An officer of the for-profit corporate entity is precluded from directly assisting in the operation of the bingo game on the premises unless such individual is a bona fide member of the nonprofit or charitable organization conducting the game. If the officer is a bona fide member of the nonprofit, charitable, or veterans' organization, such individual may participate in the operation of the bingo game; the for-profit corporation, however, may not participate in the bingo operations of the nonprofit, charitable, or veterans' organization. The nonprofit, charitable, or veterans' organization conducting the bingo games must control every aspect of the game, including control of the proceeds of the games.
Question One
Section 849.09, Florida Statutes, makes it unlawful for any person in this state to promote or conduct a lottery for money or anything of value. Section 849.0931(2)(a), Florida Statutes, however, provides:
None of the provisions of this chapter shall be construed to prohibit or prevent charitable, nonprofit, or veterans' organizations engaged in charitable, civic, community, benevolent, religious, or scholastic works or other similar endeav-ors, which organizations have been in existence and active for a period of 3 years or more, from conducting bingo games, provided the entire proceeds derived from the conduct of such games, less actual business expenses for articles designed for and essential to the operation, conduct, and playing of bingo, are donated by such organizations to the endeavors mentioned above. In no case may the net proceeds from the conduct of such games be used for any other purpose whatsoever. The proceeds derived from the conduct of bingo games shall not be considered solici-tation of public donations.
Thus, section 849.0931, Florida Statutes, constitutes a limited exception from the general prohibition against gambling in this state by authorizing charitable or nonprofit organizations to conduct bingo games, subject to the conditions and limitations contained therein.[1] Bingo games may be held only on the following property:
(a) Property owned by the charitable, nonprofit, or veterans' organization. (b) Property owned by the charitable, nonprofit, or veterans' organization that will benefit by the proceeds. (c) Property leased for a period of not less than 1 year by a charitable, nonprofit, or veterans' organization, providing the lease or rental agreement does not provide for the payment of a percentage of the proceeds generated at such premises to the lessor or any other party and providing that the rental rate for such premises does not exceed the rental rate charged for similar premises in the same locale. (d) Property owned by a municipality or a county when the governing authority has, by appropriate ordinance or resolution, specifically authorized the use of such property for the conduct of such games. . . .[2]
Each charitable, nonprofit, or veterans' organization involved in the conduct of a bingo game must be located in, or within a 15-mile radius of, the county in which the bingo game is located. Section 849.0931(2)(b), Florida Statutes, states, "It is the express intent of the Legislature that no charitable, nonprofit, or veterans' organization serve as a sponsor of a bingo game conducted by another, but such organization may only be directly involved in the conduct of such a game as provided in this act." Accordingly, the for-profit corporation may not represent itself as the sponsor of the charity bingo operation.
While a charitable, nonprofit, or veterans' organization may lease space from a for-profit organization, the rental rate may not exceed that charged for similar premises in the same locale and the for-profit corporation may not be promised a percentage of the proceeds. Moreover, the statute specifically requires that if the premises are leased by a charitable, nonprofit, or veterans' organization, such lease must be for a period of not less than one year. The Fourth District Court of Appeal in State v. South County Jewish Federation,[3] in considering a predecessor statute con-taining a similar limitation, concluded that the statute was not violated where one qualifying charity leased the premises and conducted bingo on two days and then subleased the premises to another qualifying charity, which conducted bingo on one or two other days each week.[4] In distinguishing an earlier case, Paskind v. State ex rel. Salcines,[5] the court stated:
The bingo operation in the instant case differs significantly from that in Paskind. In the instant case, unlike Paskind, the non-profit organizations are the primary beneficiaries of the proceeds of the games under the subleases. The Federation only receives rent from these organizations, which is allowed under subsection (10)(c). Further, Paskind involved the former subsection (10)(c), which allowed bingo on "property leased full-time for a period of not less than one year by the non-profit organization or by the charity or organization that will benefit by the proceeds" (emphasis added). The use of the word "the" before charity or organization does imply that the legislature intended to refer to only one charity. However, subsection (10)(c), which applies to the instant case, refers to "a" charity or organization. The use of the word "a" does not seem to limit this sub-section to only one charity or organization.[6]
Thus, the court concluded that inasmuch as each of the nonprofit organizations entered into a valid sublease that made it, rather than a for-profit organization, the primary beneficiary of the proceeds, the provisions of subsection (10)(c) were met and the bingo operation was valid.
Accordingly, while it appears that a for-profit corporation may enter into a lease agreement of one year or longer under which the corporation subleases space to qualified charitable, nonprofit, or veterans' organizations for such organizations to conduct bingo operations, the for-profit corporation may not represent that it is a charity bingo operation. Moreover, the corporation may not receive any percentage of the proceeds from the bingo operation and any rental payments made by the charitable, nonprofit, or veterans' organization to the corporation must be reasonable and no greater than that charged for similar premises in the same locale.
Question Two
Section 849.0931(8), Florida Statutes, provides:
Each person involved in the conduct of any bingo game must be a resident of the community where the organization is located and a bona fide member of the organization sponsoring such game and may not be compensated in any way for the operation of such bingo game. (e.s.)
An examination of section 849.0931, Florida Statutes, failed to reveal any exception to the above requirement. Moreover, as noted in Question One, the Legislature has expressly stated that no charitable, nonprofit, or veterans' organization may serve as a sponsor of a bingo game conducted by another.
Section 849.0931(8), Florida Statutes, thus requires that each person involved in the conduct of the bingo game must be a bona fide member of the organization sponsoring the game. In State v. South County Jewish Federation, supra, the court, considering a similar restriction in a predeces-sor statute, stated that the requirement that each person involved in the conduct of a bingo game must be a bona fide member of the organization sponsoring the game "merely means the person is properly enrolled in the organization by paying dues and complying with the membership requirements."[7]
Where the statute directs how a thing is to be done, it is, in effect, a prohibition against it being done in any other manner.[8]Thus, an officer of the for-profit corporate entity is precluded from directly assisting in the operation of the bingo game on the premises unless such individual is a bona fide member of the nonprofit, charitable, or veterans' organization conducting the game.[9]
If such officer is a bona fide member of the nonprofit, charitable, or veterans' organization, such individual, like any other bona fide member of the organization, may participate in the operation of the bingo game; the for-profit corporation, however, may not participate in the bingo operations of the nonprofit, charitable, or veterans' organization. In State v. South County Jewish Federation, supra, the Court reiterated the language of Paskind v. Salcines, which held that the Legislature never intended the bingo exception to include the operation of commercial bingo.
Thus, the nonprofit, charitable, or veterans' organization conducting the bingo games must control every aspect of the game. This includes control of the proceeds of the games. Participation of unauthorized individuals or entities in the operation of the game of bingo is a criminal offense.[10] Membership of corporate individuals in the nonprofit, charitable, or veterans' organization conducting the bingo cannot be used as a means of allowing unauthorized entities to engage in gaming as section849.0931(2)(b), Florida Statutes, expressly prohibits a nonprofit, charitable, or veterans' organization from sponsoring a game conducted by another.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 849.0931, Fla. Stat. (1994 Supp.), also authorizes a condominium association, a mobile home owners' association, or a group of residents of a mobile home park as defined in ch. 723, Fla. Stat., or a group of residents of a mobile home park or recreational vehicle park as defined in ch. 513, Fla. Stat., to conduct bingo as prescribed therein. See, s. 849.0931(4), Fla. Stat. (1994 Supp.).
[2] Section 849.0931(11), Fla. Stat. (1994 Supp.). With respect to bingo games conducted by a condominium association, a mobile home owners' association, a group of residents of a mobile home park as defined in chapter 723, or a group of residents of a mobile home park or recreational vehicle park as defined in chapter 513, such games may be held on property owned by the association or by the residents of the park or property which is a common area located within the condominium, mobile home park, or recreational vehicle park. See, s. 849.0931(11)(e), Fla. Stat. (1994 Supp.).
[3] 491 So.2d 1183 (Fla. 4th DCA 1986).
[4] Cf., s. 849.0931(7), Fla. Stat. (1994 Supp.), stating that there shall be no more than three jack-pots on any one day of play; and Op. Att'y Gen. Fla. 92-91 (1992), stating that in the absence of legislative or judicial clarification, this office could not conclude that s. 849.0931, Fla. Stat., prohibited one qualified organization from running a session of bingo with three jackpots of $250 and then, after a short intermission, another organization running its session on the same premises with three jackpots of $250.
[5] 390 So.2d 1198 (Fla. 2d DCA 1980).
[6] 491 So.2d at 1186.
[7] Id. at 1187.
[8] See, e.g., Alsop v. Pierce, 19 So.2d 799 (1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State,335 So.2d 815, 817 (Fla. 1976).
[9] Accord, Op. Att'y Gen. Fla. 92-91 (1992), stating that there is no exception to the requirement in s. 849.0931(8), Fla. Stat., that each person involved in the conduct of the bingo game must be a bona fide member of the not-for-profit or charitable organization sponsoring the game.
[10] See, Madar v. State, 376 So.2d 446 (Fla. 4th DCA 1979). And see, s. 849.0931(13), Fla. Stat. (1994 Supp.), providing criminal penalties for persons or organizations violating the provisions of the statute.