118 N.J. Super. 159 (1972)
286 A.2d 740
STATE OF NEW JERSEY, PLAINTIFF,
v.
MICHAEL CARUS, DEFENDANT.
Superior Court of New Jersey, Bergen County Court.
Decided January 21, 1972.
Mr. Vincent Sharkey, Assistant Prosecutor, for plaintiff (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
Mr. David Solomon for defendant (Mr. Jacob Friedland, attorney).
GELMAN, J.J. & D.R. Ct. (temporarily assigned).
Defendant appeals pursuant to R. 3:23 from his conviction in the Municipal Court of Rochelle Park for violation of N.J. *160 S.A. 39:4-49.1. Prior to commencement of trial in this court defendant moved to dismiss the complaint, and the facts have been stipulated for the purpose of this motion.
On August 8, 1971 defendant was operating a motor vehicle on Route 17 in Rochelle Park. The vehicle was stopped by a police officer and, upon a search of its contents, a quantity of marihuana was found in a sneaker lying under the front seat. A summons for violation of N.J.S.A. 39:4-49.1 was issued and, following a nontranscribed hearing in the municipal court, defendant was convicted.
N.J.S.A. 39:4-49.1 was enacted in 1964 and provides as follows:
No person shall operate a motor vehicle on any highway while knowingly having in his possession or in the motor vehicle any narcotic drug within the meaning of section 24:18-2 of the Revised Statutes or any amphetamine barbiturate, barbital, hypnotic or somnifacient drugs, tranquilizers or any prescription legend drug, unless obtained from, or on a valid written prescription of, a duly licensed physician, veterinarian or dentist.
A person who violates this section shall be fined not less than $50.00 and shall forthwith forfeit his right to operate a motor vehicle for a period of 2 years from the date of his conviction.
At the time the above statute was enacted, the Uniform Narcotic Drug Law (former N.J.S.A. 24:18-1 et seq.) was in effect in New Jersey, and section 2 (former N.J.S.A. 24:18-2) defined narcotic drugs as including "coca leaves, opium, marihuana and every substance not chemically distinguishable from them." In 1970 the Uniform Narcotic Drug Law was repealed and in its place the Legislature substituted the Controlled Dangerous Substances Act (N.J.S.A. 24:21-1 et seq.; L. 1970, c. 226). Under the Controlled Dangerous Substances Act marihuana has been excluded from the definition of a narcotic drug. See N.J.S.A. 24:21-2. However, the act contains no reference to N.J.S.A. 39:4-49.1, and the question is whether the new definition of narcotic drug as contained in the act is to be *161 read into the cited section of the Motor Vehicle Act, it being apparent that marihuana does not fall within any other of the categories of proscribed drugs mentioned in the latter.
The Controlled Dangerous Substances Act was the final expression of a wide-ranging reform in the narcotic drug laws of this State. Its adoption was preceded by a legislative investigation extending over a period of many years, which included numerous reports filed by the Narcotic Drug Study Commission and legislative hearings. In the years immediately prior to its enactment, numerous writings had appeared in scientific as well as other sources on the subject of marihuana and its relationship to addictive drugs. The consensus of opinion was and continues to be that marihuana in the form usually available to and used by individuals in this country is not a narcotic drug and that its effects on the mind and the nervous system are substantially different from those caused by opium and cocaine and other derivatives. See, e.g., Report of the President's Commission on Law Enforcement and the Administration of Justice (1967); Weil, Zinberg & Nelsen, "Clinical and Psychological Effects of Marihuana in Man," 162 SCIENCE 1234 (1968); Oursler, Marijuana  the Facts  the Truth, 35, 42-66, 206 (1968). It is readily apparent that the Legislature deliberately and intentionally removed marihuana from the narcotic drug classification and accorded to its use and possession a different treatment. Thus, under section 20 of the act (N.J.S.A. 24:21-20), the crime of possession of 25 grams or less of marihuana was downgraded to a disorderly person offense.
Following the enactment of the Controlled Dangerous Substances Act, the Legislature amended N.J.S.A. 39:4-50 so as to include within the reach of that section of the Motor Vehicle Act the operation of a motor vehicle while under the influence of "hallucinogenic drugs." L. 1971, c. 103. The amendment manifests a legislative recognition that marihuana is no longer classified as a narcotic *162 drug and hence that an amendment was necessary to include marihuana within the reach of that section. If there was any residual intent on the part of the Legislature to continue marihuana within the definition of proscribed drugs under N.J.S.A. 39:4-49.1, certainly it would have accomplished that result when this amendment was adopted.
For the reasons hereinabove set forth, the motion to dismiss the complaint is granted.