318 So.2d 519 (1975)
Acey WALKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1586.
District Court of Appeal of Florida, Third District.
August 12, 1975.
Phillip A. Hubbart, Public Defender, and Paul Morris, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Lance R. Stelzer, Asst. Atty. Gen., for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HAVERFIELD, Judge.
Appellant, defendant in the trial court was charged by information with the sale of marijuana in violation of § 893.13, Fla. Stat. After a jury trial, defendant was found guilty and then placed on probation for five years.
On appeal, defendant urges as reversible error the entry by the trial court of an order granting the state's motion to exclude expert testimony regarding the polytypic nature of cannabis. Appellant was charged with the sale of cannabis sativa L and during the trial defense counsel desired to call as an expert witness one Dr. Monroe Birdsey, a professor of biology, who would testify that in addition to cannabis *520 sativa L, there exists other varieties such as cannabis indica or cannabis ruderalis. The trial judge determined that § 893.02(2), Fla. Stat. which defines cannabis did not specifically except cannabis indica, cannabis ruderalis or the like and, therefore, granted the above motion of the state.
After a careful reading of § 893.02(2),[1] we conclude that the statute does not limit itself to cannabis sativa L; but, to the contrary, refers to any other species or varieties of cannabis. Furthermore, the statute provides a sufficient description of what was intended to be prohibited to give notice to all persons of the illegality of the actions of the defendant. See United States v. Gaines, 489 F.2d 690 (5th Cir.1974) and cases cited therein.
Further, the defense made no proffer that Professor Birdsey would testify that the nature of the subject marijuana was not a variety of the cannabis listed under the statute so it appears that the professor's testimony in effect merely would be a dissertation on the varieties and species of cannabis, or "A rose by any other name would still be a rose."
Hence, we find the trial judge did not commit reversible error in excluding testimony of the polytypic nature of cannabis. Cf. Grissom v. State, Fla.App. 1970, 237 So.2d 57.
For the reasons cited thereinabove, the judgment is affirmed.
Affirmed.
NOTES
[1] "893.02 Definitions

The following words and phrases as used in this chapter shall have the following meanings, unless the context otherwise requires:
* * * * *
"(2) `Cannabis' means all parts of the plant of the species Cannabis sativa, L., including all varieties thereof, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin. It does not include the mature stalks of the plant; fiber produced from the stalks; oil or cake made from the seeds of the plant; any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil, or cake; or the sterilized seed of the plant which is incapable of germination." [Emphasis Supplied]