329 So.2d 397 (1976)
Theo George FOTIANOS et al., Appellants (Defendants),
v.
STATE of Florida, Appellee (State).
No. W-482.
District Court of Appeal of Florida, First District.
April 1, 1976.
*398 Selig I. Goldin and Larry G. Turner of Goldin & Turner, Gainesville, for appellants.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
*399 MILLS, Judge.
The defendants appeal from judgments of conviction and sentence based on jury verdicts finding defendants Fotianos, Northup, and Soto guilty of the possession of more than five grams of marijuana, and finding defendant Martin guilty of the possession of less than five grams of marijuana.
The issues raised by this appeal are:
1. Whether the Internal Revenue Service illegally conveyed information to the Florida Department of Law Enforcement which violated defendants' constitutional rights.
2. Whether the implanting of an electronic beeper on defendants' motor vehicle violated their constitutional rights.
3. Whether the warrantless search and seizure by the police was based on probable cause and exigent circumstances.
4. Whether the trial court erred in refusing to permit the defendants to adduce evidence that there were three species of cannabis.
5. Whether the trial court erred in allowing a chemist to testify that the vegetable matter he examined was cannabis sativa L.
6. Whether the evidence adduced by the State demonstrated that the defendants possessed more than five grams of marijuana.
7. Whether the evidence adduced by the State was sufficient to sustain the convictions of Fotianos and Martin.
8. Whether the trial court erred in receiving into evidence the plastic bag of marijuana found on Martin.
One of the defendants, using a fictitious name, attempted to purchase a cashier's check for a sum in excess of $10,000.00. He lacked identification and a social security number. For those reasons, the bank refused to sell him a cashier's check, and reported the incident to the Internal Revenue Service. The Internal Revenue Service reported the incident to the Florida Department of Law Enforcement which began the investigation which led to the arrest of the defendants and the seizure of the marijuana.
The defendants moved the court to supress the marijuana seized, contending that the Internal Revenue Service violated the Currency and Foreign Transactions Reporting Act, 31 U.S.C.A. § 1051 et seq., by conveying the information to the Florida Department of Law Enforcement, which constituted a violation of their constitutional rights. Therefore, their arrest and the seizure of the marijuana were illegal. The trial court denied the motion.
The Internal Revenue Service did not violate the Act. This was not the type of transaction covered by the Act, because there was not a completed payment, receipt, or transfer of United States currency. 31 U.S.C.A. § 1081. Therefore, there was no constitutional infringement of defendants' rights, and the arrests and seizure were legal.
Without the consent of the defendants, and without the prior approval of a court, the police implanted an electronic beeper on defendants' van. Thereafter, the movements of the van were monitored by an airplane flying above the van and receiving the beeper signals. In addition, the police also kept the van under visual surveillance by following it in motor vehicles. When the airplane had to withdraw to refuel, the police vehicles continued to follow the van to its destination.
The defendants moved the court to suppress the marijuana seized, contending *400 their constitutional rights were infringed by the implanting of the electronic beeper. The motion was denied.
Although the implanting of an electronic beeper on a motor vehicle may be unconstitutional under some circumstances, U.S.A. v. Holmes et al., 521 F.2d 859 (5th Cir.1975), under the circumstances in the case before us independent visual surveillance was maintained of the van by the police. Therefore, because the surveillance of the defendants' van was maintained visually and independently of the beeper, the subsequent seizure of marijuana was not the "fruit of the poisonous tree". Wong Sun v. U.S.A., 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
As a result of the information furnished the Florida Department of Law Enforcement by the Internal Revenue Service, an investigation was begun which resulted in the arrest of the defendants, and the seizure of a large amount of marijuana. Surveillance of a new unfurnished Winnebago van was begun which indicated that the owner was Soto. According to police information, Fotianos, who was seen about the Winnebago, was heavily involved in drug operations. The police followed the Winnebago, along with an accompanying Dodge van and Ford truck, from Gainesville to a Gulf County campground. Under cover of night, the Winnebago and two accompanying vehicles departed the campground and entered an area where marijuana had been discovered recently which led to a round-the-clock, mass surveillance of the area. At the time the Winnebago and accompanying vehicles entered the suspect area, the Winnebago rode high and level. When they emerged from the suspect area, the Winnebago was riding low and appeared to be heavily loaded. The police followed the vehicles to a road block which was set up in Leon County. The vehicles were stopped, and a search revealed large amounts of marijuana in the Winnebago and Dodge. The Winnebago was driven by Soto, the Dodge was driven by Northup, and the Ford truck was driven by Fotianos and occupied by Martin. The truck driven by Fotianos was carrying cans of gasoline. Fotianos' fingerprints were found on the Dodge, and the fingerprints of Soto and Northup were found on all of the vehicles.
The defendants' vehicles were searched, and the marijuana seized, without a warrant. They moved the court to suppress the marijuana, contending the warrantless search and seizure was without probable cause and exigent circumstances. The court denied the motion. We agree.
Under the facts of this case, the police had sufficient information to believe that the defendants were in the Gulf County area to pick up marijuana. The police observed that the Winnebago was riding high and level immediately before it disappeared into the suspect area. Upon recontact with it after it emerged, they noticed that it was riding low and was heavily weighted down. This fact together with the previous facts presented probable cause to stop the vehicles and to search them for marijuana, without a warrant. U.S.A. v. Summerville, 477 F.2d 393 (5th Cir.1973).
The court granted the State's motion to exclude the defendants' expert testimony concerning the polytypic nature of cannabis.
The court did not err in refusing to permit the defendants to adduce evidence that there were three species of cannabis. Section 893.02(2), Florida Statutes, does not limit itself to cannabis sativa L. It refers to any other species or varieties of cannabis. In addition, the statute provides a sufficient description of what was intended to be prohibited to give notice to all persons of the illegality of the actions of the defendants. Walker v. State, 318 So.2d 519 (Fla.App.3d, 1975).
*401 The court did not err in allowing a chemist to testify that the vegetable matter he examined was marijuana. The responsibility of determining the qualifications and range of subjects on which an expert witness may be allowed to testify rests with the trial court. Its determination will not be disturbed on appeal unless there is a clear showing of abuse of discretion. Seaboard Air Line Railroad Co. v. Lake Region Packing Ass'n, 211 So.2d 25 (Fla. App. 4th, 1968). Defendants made no such showing.
The evidence adduced by the State was sufficient to prove that the defendants possessed more than five grams of illegal marijuana. One exhibit contained 2,327 grams, and the other exhibit contained 1,968 grams. Although these were gross weights, before removing the mature stalks required by Section 893.02(2), Florida Statutes, the amount was so great that it would be impossible to arrive at any conclusion other than the illegal marijuana exceeded five grams. This is an instance mentioned by the court in Samet v. State, 284 So.2d 450 (Fla.App.3d, 1973), where the trier of fact could readily conclude that a certain property met a weight requirement.
Based on the facts previously stated, there was substantial competent evidence to support the conviction of Fotianos.
The court did not err in receiving into evidence the plastic bag of marijuana found in Martin's coat pocket, and the jury's verdict finding Martin guilty of the lesser included offense of possession of less than five grams of marijuana was supported by the evidence.
The judgments are affirmed.
RAWLS, Acting C.J., and SMITH, J., concur.