366 So.2d 8 (1978)
Robert J. HAMILTON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 51812.
Supreme Court of Florida.
October 12, 1978.
Rehearing Denied January 29, 1979.
*9 William C. Gregg, III, and Carleton L. Weidemeyer of Wightman, Weidemeyer, Jones, Turnbull & Cobb, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
ALDERMAN, Justice.
The defendant was charged, tried, convicted and sentenced for the unlawful sale and possession of more than five grams of cannabis. He appeals directly to the Supreme Court because the trial court, in denying his motion to dismiss the charges against him, inherently passed upon and upheld the constitutional validity of that part of Section 893.13, Florida Statutes (1976 Supp.), which makes unlawful the sale and possession of cannabis. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
The primary question is whether that part of Section 893.13 in question denies the defendant equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution and Article I, Sections 2 and 9 of the Florida Constitution. Other questions raised include whether the relevant portion of Section 893.13 constitutes cruel and unusual punishment, whether the defendant was denied a fair and impartial trial, whether the trial court erred in permitting the prosecution chemist to testify that a vegetable matter tested was cannabis and whether the trial court erred in refusing to grant acquittal where the State failed to prove that the cannabis tested was of the species Cannabis Sativa L. We find that inclusion of cannabis within the statutorily prohibited class defined in Section 893.13 is not arbitrary and irrational and does not render this statute violative of the equal protection clauses of the Federal and Florida Constitutions. We likewise find that defendant's other points on appeal are without merit.
Utilizing the rational relationship test, the defendant contends that he has been denied equal protection of the law. He claims that, through proffered evidence, he affirmatively demonstrated that the inclusion of cannabis with dangerous hallucinogens, amphetamines and methamphetamines, barbiturates, narcotics and hypnosedatives for the purpose of imposing punishment is arbitrary and irrational because the effects of such substances are extremely harmful and completely different from those of cannabis. He claims that he established a properly developed record to show that the statute proscribing cannabis violates equal protection of law. He points out that, although the trial judge refused to *10 consider his proffered testimony[1] in denying the motion to dismiss, the trial court did permit the proffer in order to perfect the record for appeal. The defendant also cites decisional authority from other jurisdictions in support of his contentions, e.g. Downey v. Perini, 518 F.2d 1288 (6th Cir.1975); State v. Anonymous, 32 Conn.Sup. 324, 355 A.2d 729 (1976); Ravin v. State, 537 P.2d 494 (Alaska 1975); People v. Griffin, 39 Mich. App. 464, 198 N.W.2d 21 (1972); People v. Lorentzen, 387 Mich. 167, 194 N.W.2d 827 (1972); Sam v. State, 500 P.2d 291 (Okl.Cr.App. 1972); State v. Carus, 118 N.J. Super. 159, 286 A.2d 740 (1972); People v. Waxman, 388 Mich. 774, 200 N.W.2d 21 (1972); People v. McCabe, 49 Ill.2d 338, 275 N.E.2d 407 (1971); State v. Zornes, 78 Wash.2d 9, 469 P.2d 552 (1970).
It is axiomatic that doubts as to the validity of a statute will be resolved in favor of its constitutionality. Golden v. McCarty, 337 So.2d 388 (Fla. 1976). Legislative action exercised under the police power is valid if its exercise is confined to those acts which may be reasonably construed as expedient for protection of the public health, safety, welfare or morals. Newman v. Carson, 280 So.2d 426 (Fla. 1973). The Legislature has a great deal of discretion in determining what measures are necessary for the public's protection, and this Court will not, and may not, substitute its judgment for that of the Legislature insofar as the wisdom or policy of the act is concerned. Holley v. Adams, 238 So.2d 401 (Fla. 1970); State v. Reese, 222 So.2d 732 (Fla. 1969).
Our duty in the present case is to determine whether the act contravenes the equal protection clause of the Constitution. We must, therefore, decide whether there continues to be a rational basis for the classification of cannabis with hallucinogens, amphetamines, methamphetamines, barbiturates, narcotics and hypnosedatives for purpose of punishment or whether this classification is arbitrary and, therefore, unconstitutional. See Laird v. State, 342 So.2d 962 (Fla. 1977). The Supreme Court of the United States, in Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1910), succinctly pronounced the elements of the rational basis test as follows:
1. The equal-protection clause of the 14th Amendment does not take from the state the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis, and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety, or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary. [Cases cited.] 220 U.S. 78-79, 31 S.Ct. at 340. [Emphasis supplied.]
We find that defendant has failed to prove that there is no rational basis for the statute in question. There continues to be authority supporting the position that the health hazards of cannabis justify its proscription and its present classification. Although there is substantial expert opinion to the contrary, the fact that there continues to be expert opinion supporting the reasons which prompted the Legislature to enact this statute is sufficient to constitute a continuing rational basis for the act.
The Missouri Supreme Court, in State v. Mitchell, 563 S.W.2d 18 (Mo. 1978), recently upheld the constitutionality of Missouri's cannabis statutes. The court said:
Although he [the defendant] has directed the court's attention to numerous studies *11 which comment on the harmlessness of marihuana, there are, however, other authorities which take a contrary view regarding the hazards involved in using marihuana. The present state of knowledge of the effects of marihuana is still incomplete and is marked by much disagreement and controversy. In United States v. Carolene Products, [304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234] supra, the court stated at 153-154, 58 S.Ct. at 784: "Where the existence of a rational basis for legislation whose constitutionality is attacked depends upon facts beyond the sphere of judicial notice, such facts may properly be made the subject of judicial inquiry.... But by their very nature such inquiries, where the legislative judgment is drawn in question, must be restricted to the issue whether any state of facts either known or which could reasonably be assumed affords support for it." A body of knowledge does exist upon which the legislature could have rationally relied in deciding to classify marihuana in schedule I. In light of the fact that we are dealing with a debatable medical issue, we cannot conclude that the legislature acted arbitrarily or irrationally in placing marihuana in schedule I....
We agree with the rationale of the Missouri court and find it equally applicable to the cause before us. Defendant has failed to prove that the present classification of cannabis does not rest upon any reasonable basis. Cf. Raines v. State, 225 So.2d 330 (Fla. 1969); Borras v. State, 229 So.2d 244 (Fla. 1969). As long as there is any reasonable doubt as to the effects of cannabis which affect its classification, these doubts will be resolved in favor of the validity of the legislative classification.
Defendant next contends that the penalties relating to sale and possession of cannabis constitute cruel and unusual punishment. His position is primarily based on his previous argument that cannabis has been arbitrarily and irrationally classified. The determination of penalties to be imposed is a legislative concern. Discussing the meaning of cruel and unusual punishment and the role of the judiciary in evaluating a constitutional assault upon a statute based upon the prohibition of cruel and unusual punishment, the Supreme Court of the United States, in Gregg v. Georgia, 428 U.S. 153, 174-175, 96 S.Ct. 2909, 2926, 49 L.Ed.2d 859, said:
... [I]n assessing a punishment selected by a democratically elected legislature against the constitutional measure, we presume its validity. We may not require the legislature to select the least severe penalty possible so long as the penalty selected is not cruelly inhumane or disproportionate to the crime involved. And a heavy burden rests on those who would attack the judgment of the representatives of the people.
This is true in part because the constitutional test is intertwined with an assessment of contemporary standards and the legislative judgment weighs heavily in ascertaining such standards. "In a democratic society legislatures, not courts, are constituted to respond to the will and consequently the moral values of the people."
We find that the punishment provided for the sale and possession of cannabis by Section 893.13 does not violate the constitutional proscription against cruel and unusual punishment. Cf. Banks v. State, 342 So.2d 469 (Fla. 1976).
The defendant also alleges that he was denied a fair and impartial trial because the trial judge commented on the evidence, chastized counsel, intimidated the jury and participated in examination of the witnesses. There is no basis for this contention. From our review of the record, we find that the trial judge was only exercising reasonable control over the trial and did not pass beyond the bounds of neutrality or impartiality. See Watson v. State, 190 So.2d 161 (Fla. 1966), cert. den. 389 U.S. 960, 88 S.Ct. 339, 19 L.Ed.2d 369.
Finally, we conclude that the court did not err in allowing the state's expert witness, a chemist, to testify that the vegetable matter which she tested was *12 cannabis or in refusing to grant a judgment of acquittal where the state failed to prove that the species of cannabis tested was Cannabis Sativa L. Nelson v. State, 319 So.2d 154 (Fla. 2d DCA 1975); Walker v. State, 318 So.2d 519 (Fla. 3d DCA 1975).
Accordingly, we affirm the judgment and sentence of the trial court.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., dissents with an opinion.
ADKINS, Justice, dissenting.
I dissent.
We agree that a law creating classifications without a rational basis denies equal protection. There must be more than a hypothetical rational basis for a classification.
This Court has interpreted the Florida Constitution to require a "valid and substantial reason for classifications." Moore v. Thompson, 126 So.2d 543 at 548 (Fla. 1961); accord, Henderson v. Antonacci, 62 So.2d 5 at 9 (Fla. 1952). The requirement has also been termed one for "reasonable justification", State ex rel. Gerstein v. Hialeah Race Course, Inc., 245 So.2d 53 at 57 (Fla. 1971), or "a just, fair and practical basis" for the classification "based on a real difference which is reasonably related to the subject and purpose of the regulation", Newman v. Carson, 280 So.2d 426 at 429 (Fla. 1972). See also, State v. Lee, 356 So.2d 276 (Fla. 1978); United Gas Pipe Line Co. v. Bevis, 336 So.2d 560 (Fla. 1976); Gammon v. Cobb, 335 So.2d 261 (Fla. 1976); O'Donnell v. State, 326 So.2d 4 (Fla. 1975); Selby v. Bullock, 287 So.2d 18 (Fla. 1974); Pacheco v. Pacheco, 246 So.2d 778 (Fla. 1971); McKee v. State, 203 So.2d 321 (Fla. 1967); Larson v. Lesser, 106 So.2d 188 (Fla. 1958). To determine the rationality of a law the Court must look at the purpose the law serves, the facts involved, the impact of the law upon citizens and the relationship between the law and these factors.
The unreasonableness of the classification in Section 893.13, Florida Statutes, is discussed in my dissenting opinion in Bourassa v. State, 366 So.2d 12 (Fla. 1978).
Admittedly, cannabis is a health hazard, just as tobacco or intoxicating liquors. It is unreasonable and illogical to classify the health hazard involved in the use of cannabis with that of hard drugs mentioned in the statute. I have not found "substantial expert opinion" that the health hazard of cannabis is comparable to that of hard drugs. The rational basis must be based on some element other than the existence of a health hazard. Under the reasoning of the majority the statute could have included tobacco, intoxicating liquors and even some vitamins used to excess and saccharin.
In my opinion the statute should be held unconstitutional and the judgment of the trial court reversed.
NOTES
[1] Transcript of testimony entitled "Proceedings on Hearings on the Constitutionality of Pennsylvania's Marijuana Law," held October 11, 12 and 13, 1976, in the Matter of Commonwealth of Pennsylvania v. Dillon.