PER CURIAM.
The Sheriff of Broward County appeals an order of the trial court declaring the forfeiture provision contained in section 330.40, Florida Statutes (1987) to be unconstitutional. We affirm.
These consolidated cases involve the seizure of two aircraft. The petition for forfeiture alleged that both aircraft were contraband as defined in section 330.-40, Florida Statutes (1987) because they were equipped with fuel tanks not in conformance with federal aviation regulations or not approved by the F.A.A. The owner of the aircraft responded and filed a motion to dismiss alleging the unconstitutionality of the statute authorizing the forfeiture.[1] After briefing on this issue, the trial court found that the statute was violative of substantive due process and granted the motion to dismiss. We publish in substantial part the late trial judge’s order which reasoning we adopt.
Respondents challenged the forfeiture by means of the above mentioned Motion to Dismiss. In that Motion to Dismiss, .the parties challenged the constitutionality of FS 330.40. Said statute provides in pertinent part:
In the interests of the public welfare, it is unlawful for any person, firm, corporation, or association to install, maintain, or possess any aircraft which has been equipped with, or had installed in its wings or fuselage, fuel tanks, bladders, drums, or other containers which will hold fuel if such fuel tanks, bladders, drums or other containers do not conform to federal aviation regulations or have not been approved by the Federal Aviation Administration by inspection or special permit.... Any aircraft in violation of this section shall be considered contraband, and said aircraft may be seized as contraband by a law enforcement agency and shall be subject to forfeiture pursuant to §§ 9S2.701-932.70j. [Emphasis added]. ******
By its amendment to section 330.40, the legislature has made a declaration that all nonconforming aircraft are contraband per se and has subjected such aircraft to forfeiture proceedings under the “Florida Contraband Forfeiture Act.” Civil forfeiture statutes are considered to be quasi-criminal and penal in nature. In re Forfeiture of $48,000.00 in U.S. Currency, 432 So.2d 1382 (4DCA). Thus, said statutes are to be strictly construed in favor of those against whom the penalty is to be imposed. Crenshaw v. State, 521 So.2d 138 (1DCA 1988); Hotel and Restaurant Commission v. Sunny Sears [Seas] No. One, 343 [104] So.2d 570 (Fla.1958).
The “Florida Contraband Forfeiture Act” was passed by the legislature pursuant to the state’s police power in an effort to stem trafficking in illicit drugs. In re Forfeiture of 1979 Toyota Corolla, 424 So.2d 922 (4DCA 1982). Therein lies the problem. While the legislature has wide *1359 discretion to exercise its power to act for the general welfare, the means selected in its exercise thereof must have a reasonable and substantial relation to the object sought to be obtained. If a statute is unreasonable, arbitrary, and capricious, it violates substantive due process rights guaranteed by the United States and Florida Constitutions. Nebbia v. People of State of New York, 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940; State v. Saiez, 489 So.2d 1125 (Fla.1986).
The petitioner claims that the statute serves to protect one from the risk that airplanes with unsafe .fuel tanks may “drop into the living room of Florida citizens.” However, Petitioner concedes that the statute is utilized as a law enforcement tool. It seems apparent that the main use of this statute is for the seizure and forfeiture of any aircraft that has the capability to transport large quantities of illegal drugs in empty nonconforming fuel tanks, regardless of whether or not the tanks are actually used for that purpose. [We disagree with this statement by the trial court. When used in the drug trade oversized fuel tanks are usually used to store extra fuel, not drugs, for longer trips to avoid law enforcement.] While stopping the transportation of illegal drugs within the state is certainly a legitimate legislative concern, laws passed to achieve such means cannot go so far as to criminalize otherwise non-criminal behavior.
Under the guise of air safety, and under the glare of the war on drugs, the statute provides for the automatic confiscation and forfeiture by the Sheriff of any nonconforming aircraft. It permanently deprives its owner of possession and use simply upon a showing that the aircraft’s tanks do not meet statutory requirements. Moreover, these requirements are directly and explicitly tied to federal regulations already focused on aircraft safety and inspection. 14 CFR 25.963, 14 CFR 25.951.
The Florida Supreme Court has consistently read the due process clauses of the United States and Florida Constitutions to require that the purpose of a penal statute passed in exercise of the State’s police power be for the general welfare and that the means selected to exercise the police power have a reasonable and substantial relation to the object sought. Further, the Court has held that such a statute not be so broad as to reach out beyond its intended scope. Robinson v. State, 393 So.2d 1076 (Fla.1981).
In State v. Saiez, 489 So.2d 1125 (Fla. 1986) the Court reviewed a statute making it unlawful to possess a credit card embossing machine. The penal statute was the result of an attempt by the legislature to curtail credit card fraud. It was enacted pursuant to the state’s “police power” as derived from its sovereign right to protect its citizens. The Court recognized that such power is confined to acts which are reasonable and that while the due process clauses do not prevent legitimate interference with individual rights under the police power, there are limits on such interference.
The Court found that there was no question that the curtailment of credit card fraud is a legitimate goal within the state’s police power. However, the court held that the means selected by the legislature, prohibiting even the legitimate and innocent possession and use of credit card embossing equipment did not bear a rational relationship to the concededly proper goal.
The Court stated: “It is unreasonable to criminalize the mere possession of embossing machines when such a prohibition clearly interferes with the legitimate personal and property rights of a number of individuals who use embossing machines in their businesses and for other non-criminal activities.” Id. at 1129.
In State v. Walker, 461 So.2d 108 (Fla. 1984), the Court reviewed a statute requiring that a lawfully dispensed controlled substance be kept in the container in which it was originally delivered. The Court adopted the 2DCA opinion, 444 *1360 So.2d 1137 (2DCA 1984), that the statute did not bear a reasonable relationship to the legislative objective of expanding the state’s control over the manufacture and distribution of dangerous drugs where the statute lent itself to criminalizing something that was in essence innocent.
In support of the statute, the state claimed that because the possession of controlled substances without a prescription is unlawful, a law enforcement officer would be able to easily identify illegal possession of controlled substances simply by looking at the container. The Court found that because the purpose of the statute was to convict persons who illegally possessed controlled substances, and not those who removed their prescription drugs from their original containers, application of the statute to those who simply did not carry their drugs in the original container, was an irrational means to achieve the stated goal. In a footnote to the decision, the court stated: “While we agree with the need for effective law enforcement, we respectfully submit that other, less drastic alternatives are available.” Id. at 1140.
The court further stated:
“Simply because one does not carry drugs in a proper container does not mean that he unlawfully possesses a controlled substance. The police can properly arrest an individual in possession of a controlled substance without this section.... Without evidence of criminal behavior, the prohibition of this conduct lacks any rational relation to the legislative purpose of controlling drug distribution.” Id.
The statute at issue in the instant case is similarly infirmed [sic]. Simply because one possesses an airplane equipped with nonconforming fuel tanks does not mean that one is using the tanks for criminal purposes, as contemplated within the forfeiture act. It is highly plausible that the fuel tanks are legitimate adaptations, even if they have yet to be approved by the FAA. Likewise, a law enforcement officer inspecting the aircraft can, without the need of this statute, easily make an arrest, and later initiate forfeiture proceedings pursuant to the forfeiture statute, if drugs or other contraband or evidence thereof are found in the tanks.
As Judge Grimes phrased it in Walker, “without evidence of criminal behavior, the prohibition of this conduct lacks any rational relation to the legislative purpose and criminalizes activity that is otherwise inherently innocent [Emphasis added].” Id.
Furthermore, the statute gives the law enforcement agency untethered discretion to determine whether to seek forfeiture, and deprives the trial court of any discretion other than procedural review. As such, the court is unable to make a determination as to whether there existed the criminal intent to put the tanks to an improper use.
This Court finds that the statute at issue lacks a rational relation to the legislative purpose in that it goes beyond fines or temporary confiscation of the aircraft to assure compliance with FAA regulations. It subjects the aircraft to forfeiture procedures created to stem the flow of drugs, obscene materials, and gambling equipment. It is perfectly plausible for an airplane to be equipped with extra fuel tanks for purposes other than smuggling. Therefore, the statute brings within its ambit otherwise innocent activities.
The statute fails to make any distinction between inadvertent neglect of FAA regulations and intentional subterfuge for the purposes of concealment. Forfeiture is too a harsh penalty for the former, and an already existing remedy for the latter. This Court finds FS 330.40, as it relates to the “Florida Contraband Forfeiture Act” to be unreasonable, arbitrary and capricious and lacks a substantial relation to the object sought to be attained. As such, it violates substantive due process rights guaranteed by the United States and Florida Constitutions.
*1361 It is hereby ORDERED AND ADJUDGED that Respondents’ motion to Dismiss is GRANTED.
AFFIRMED.
LETTS and DELL, JJ., concur.
WARNER, J., concurs specially.

. In addition the owner claimed that the aircraft was conforming and certified by the F.A.A. and presented affidavits to that effect.