609 So.2d 1333 (1992)
Robert A. FINK, Appellant,
v.
James D. HOLT, Sheriff of Martin County, Appellee.
No. 91-1184.
District Court of Appeal of Florida, Fourth District.
November 12, 1992.
*1334 Richard D. Kibbey, Stuart, for appellant.
Robert L. Kilbride, Stuart, for appellee James D. Holt, Sheriff of Martin County.
FARMER, Judge.
After a high-speed chase for nearly three miles by Martin County Sheriff's deputies, Dr. Robert Fink lost control of his vehicle while attempting to negotiate a turn and struck the center median strip, causing his vehicle to go airborne. Fink was placed under arrest for reckless driving, for fleeing and for attempting to elude a police officer. A search of the vehicle incident to the arrest revealed a partially smoked marijuana cigarette on the seat where Fink had been sitting.
On the passenger seat, the officer also found Fink's briefcase, which contained a variety of personal items, including three separate pill bottles. One bottle contained Hydrocodone[1] and Diethylproprion,[2] controlled substances under Florida law. Another bottle contained Diazepam,[3] also a controlled substance. A third bottle contained Naprosyn. Fink explained to the officer that he was a doctor, that he was on his way to his office, and that he was allowed to carry the drugs.[4]
The Sheriff of Martin County initiated forfeiture proceedings against the automobile driven by Fink, a 1985 Chevrolet Corvette. The Sheriff alleged the following with regard to the controlled substances:
Inside the briefcase were several pill containers with pills inside them. One of the pill containers was completely unmarked with no labeling and contained several prohibited drugs. Another one of the pill containers, although marked for one type of drug, contained a mixture of various types of Schedule II prohibited drugs and also prescribed medication. The driver, Robert A. Fink, did not possess written prescriptions for these drugs and the pill containers were without proper labeling. Possession of these drugs due both to the nature of the drugs and lack of proper labeling constituted a third degree felony and the driver, Robert A. Fink, was arrested for this felony offense as well as the misdemeanor offense of possession of marijuana under 20 grams. Based upon the circumstances of this case and the absence of proper labeling and written prescriptions, the officer concluded that these scheduled drugs were not possessed by the driver, Robert A. Fink, in good faith nor in the normal course of his professional practice for proper use. As a result, the motor vehicle was seized and this forfeiture action instituted inasmuch as the vehicle was used to possess, use, conceal or transport a felony amount of drugs or was used as an *1335 instrumentality to commit said felony offense. [emphasis supplied.]
Motion For Rule To Show Cause and For Final Order of Forfeiture, at 2-3; R. 148-49. Fink's attorney moved for a dismissal, arguing that there was no probable cause to believe that Fink had committed any crime that would serve as a basis for the forfeiture. The court ruled:
I'm going to deny the motion for  I believe its for involuntary dismissal of the non-jury action on the grounds of failure to establish probable cause. I believe that the totality of the circumstances, including the action of the doctor speeding, the other evasive actions that have been testified to, the fact that the pills were mixed together, the presence of marijuana  all of those things are facts that establish probable cause.
Fink's attorney then presented portions from Fink's prehearing deposition. He testified that, in his capacity as a licensed physician, he obtained the drugs found in his car from manufacturer's representatives. He further testified that he possessed and transported them "specifically for the purpose of attending to [his] brother and sister-in-law".
The court decided that the Sheriff had met his burden and had established probable cause for the arrest and for the seizure of the automobile. The judge expressly held that Fink did not meet his burden of establishing any affirmative defenses and did not offer enough evidence to show that he possessed controlled substances in good faith and in the course of his professional practice only. The trial court's final order concluded:
6. On October 11, 1989, said [vehicle], was used or was intended to be used, or was actually employed as an instrumentality in the commission of, or in the aiding or abetting in the commission of any felony, in violation of Chapter 893, Florida Statutes (1989), to wit: said 1985 Chevrolet Corvette had been used or was being used to transport, convey, conceal or possess controlled substances a felony offense under Chapter 893 and Chapter 932.701(2)(e), .702 and .703, Florida Statutes (1989).
The court entered an order forfeiting the vehicle to the Sheriff and this appeal timely followed. We reverse.
We first pause for a procedural observation. The notice of appeal and briefs in this case bear a caption identical to the forfeiture proceeding in the circuit court, which read "In Re: Forfeiture of One 1985 Chevrolet Corvette, Florida Tag No. ACL 959, VIN 161YY0785F5100137, Together With All Tangible and Intangible Personal Property Found Therein." Although section 932.704(1), Florida Statutes (1991), provides that the seizing authority "shall promptly proceed against the contraband article," the statute does not purport to prescribe the form or procedure to be used in forfeiture proceedings.
Procedural matters, such as the caption used in civil actions, are governed by procedural rules promulgated by the Florida Supreme Court. See Art. V, § 2(a), Fla. Const. The purpose of a caption is to identify the court and the parties involved in the action. Henry P. Trawick, Jr., Florida Practice and Procedure (1991 ed.), § 6.2. The applicable rule of civil procedure expressly requires that every caption contain the name of at least the first party on each side of the controversy. Fla. R.Civ.P. 1.100(c)(1) and 1.901. In a forfeiture proceeding, the caption should therefore identify the party seeking the forfeiture and the parties claiming an interest in it, if known. A description of the property to be forfeited should be used in the caption only where the owner or some lienor is unknown. Similarly, when there is an appeal from a forfeiture proceeding, the applicable rule of appellate procedure requires that the caption contain the name and designation of at least one party on each side. Fla.R.App.P. 9.110(d) and 9.900(a).
It is thus contrary to the requirements of the procedural rules to style the caption as was done in this case. While we note that the kind of caption used here by the sheriff is widespread, we also note that all of the appellate courts in this state, including this one, have from time to time instead used *1336 the form of caption prescribed by the rules. See e.g., Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla. 1991); Smith v. Hindery, 454 So.2d 663 (Fla. 1st DCA 1984); City of St. Petersburg v. Jewell, 489 So.2d 78 (Fla. 2d DCA 1986); City of Miami v. Barclay, 563 So.2d 203 (Fla. 3d DCA 1990); Wille v. Karrh, 423 So.2d 963 (Fla. 4th DCA 1982); and Medious v. Department of Highway Safety and Motor Vehicles, 534 So.2d 729 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 1333 (Fla. 1989). We have therefore amended the caption for this appeal, on our own motion, to identify the parties involved.
We disagree with the trial court's conclusion that the Sheriff established probable cause. Section 893.03(2) begins with a legislative recognition that a "substance in Schedule II * * * and has a currently accepted but severely restricted medical use in treatment in the United States * * *." [e.s.] Thus, when the possessor of schedule II drugs happens to be a licensed physician, in the absence of some fact other than mere possession, the physician is entitled to a presumption, consistent with the general presumption of innocence, that the physician has possession of the schedule II substances in the course of a professional practice.
Here, the Sheriff's own affidavit recites that he knew that Dr. Fink is a licensed physician. The only fact set forth in the affidavit, aside from possession in the briefcase, is that the Schedule II drugs were contained in either an unlabeled container or in a mislabeled container. We do not believe that the mere presence in a physician's un- or mislabeled containers is enough to suggest that the physician is not using the schedule II drug "in the usual course of [his] business or profession" or "in good faith and in the course of professional practice." See § 893.13(5)(a) and (5)(b)3, Fla. Stat. (1991).
The Sheriff's affidavit further fails to specify which Schedule II drug was actually the subject of the "criminal" possession under chapter 893, which particular provision of chapter 893 was being violated by that possession, and what particular provision of the Florida Contraband Forfeiture Act he sought to use to forfeit the vehicle. In the case of a licensed physician, we think that due process notice requires the agency or official seeking forfeiture to specify the exact substance possessed, the exact statute violated by that possession, and to specify the exact provision of the Act under which forfeiture is sought. It is not enough merely to state "Schedule II drugs," or just to name the chapters in Florida Statutes.
We also hold that the trial court used the wrong standard of proof. In Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla. 1991), the issue was whether the Florida Contraband Forfeiture Act[5] is constitutional. The court held that "the Act is facially constitutional provided that it is applied consistent with the minimal due process requirements of the Florida Constitution as set forth in this opinion." [e.s.] 588 So.2d at 959. On the issue of the burden of proof in forfeiture cases, the court said:
We conclude that the state has the burden of proof at trial, which should be by no less than clear and convincing evidence. The state and the decisions on which it relies fail to recognize the significance of the constitutionally protected rights at issue and the impact forfeiture has on those rights. In forfeiture proceedings the state impinges on basic constitutional rights of individuals who may never have been formally charged with any civil or criminal wrongdoing. This Court has consistently held that the constitution requires substantial burdens of proof where state action may deprive individuals of basic rights.
* * * * * *
Accordingly, "due proof" under the Act constitutionally means that the government may not take an individual's property in forfeiture proceedings unless it proves, by no less than clear and convincing evidence that the property being forfeited was used in the commission of a crime. * * * Lack of knowledge of the holder of an interest in the property that the property was being employed in criminal *1337 activity is a defense to forfeiture, which, if established by a preponderance of the evidence, defeats the forfeiture actions as to that property interest.
588 So.2d at 967-68. Thus, the standard in forfeiture cases is now clear and convincing proof. It is obvious that the sheriff's proof here is at best in equipoise.
The Sheriff argues that the Department of Law Enforcement decision should not be applied retrospectively. We cannot agree. As the supreme court has itself made clear in Smith v. State, 598 So.2d 1063 (Fla. 1992):
Any rule of law that substantially affects the life, liberty, or property of criminal defendants must be applied in a fair and evenhanded manner. Art. I, §§ 9, 16, Fla. Const. "[T]he integrity of judicial review requires that we apply [rule changes] to all similar cases pending on direct review." [citation omitted] Moreover, "selective application of new rules violates the principle of treating similarly situated defendants the same," because selective application causes "`actual inequity'" when the Court "`chooses which of many similarly situated defendants should be the chance beneficiary' of a new rule." [citation omitted] Thus, we hold that any decision of this Court announcing a new rule of law, or merely applying an established rule of law to a new or different factual situation, must be given retrospective application by the courts of this state in every case pending or not yet final.[6]
598 So.2d at 1066. Because, as a matter of law, the proof in this case does not establish the Sheriff's entitlement to forfeiture by clear and convincing evidence, the trial judge erred in forfeiting the subject motor vehicle.
REVERSED.
ANSTEAD and WARNER, JJ., concur.
NOTES
[1] See § 893.03(2)(a)1.j, Fla. Stat. (1991).
[2] See § 893.03(4)(r), Fla. Stat. (1991).
[3] See § 893.03(4)(q), Fla. Stat. (1991).
[4] See § 893.13(5)(a) and (5)(b)2, Fla. Stat. (1991).
[5] See §§ 932.701-932.704, Fla. Stat. (1991).
[6] Although Smith was a criminal case, its reasoning and its holding are especially persuasive here, because forfeiture cases are "quasi-criminal" in nature. See In re Forfeiture of 1969 Piper Navajo, 570 So.2d 1357 (Fla. 4th DCA 1990), affirmed 592 So.2d 233 (Fla. 1992).