LAWRENCE, Judge.
Dennis M. Watkins (Watkins) appeals his convictions and sentences for marijuana-related offenses in two cases, consolidated before us for review. He argues that the inclusion of cannabis as a schedule I drug in section 893.03(1), Florida Statutes (1993), is unconstitutional.[1] We affirm.
Forty-eight-year-old Watkins committed these crimes on October 30, 1994, when he distributed marijuana cigarettes at a Gaines-ville rally to legalize marijuana — a “doobie toss”; and on August 11, 1995, when the police searched his residence and surrounding premises. He reserved the right to challenge the constitutionality of the statute classifying cannabis as a schedule I drug.
Watkins argues that cannabis currently has accepted medical uses for the treatment of illnesses, that its use under medical supervision meets accepted safety standards, and that its potential for abuse is low. His claim *593 that the inclusion of cannabis as a schedule I drug denies him due process and equal protection has been rejected previously. The Florida Supreme Court holds that the placement of cannabis in schedule I of the list of controlled substances in section 893.03 is constitutional. State v. Cheatham, 376 So.2d 1167 (Fla.1979); see also Hamilton v. State, 366 So.2d 8, 10 (Fla.1978) (“[T]he fact that there continues to be expert opinion supporting the reasons which prompted the Legislature to enact this statute is sufficient to constitute a continuing rational basis for the act.”); Town v. State, 377 So.2d 648, 651 (Fla.1979) (affirming the trial court’s injunction against the use of cannabis in religious practice).
The record before us in the instant case contains expert testimony sufficient to satisfy us that there continues to be a rational basis for the inclusion of cannabis under Schedule I.
Watkins’ convictions and sentences are affirmed.
WEBSTER and PADOVANO, JJ., concur.

. No claim is made in the instant appeal that the appeal is prompted by any statutory amendment. Cannabis has been a schedule I drug since 1973. See § 893.03, Fla. Stat. (1973); ch. 73-331, § 3, at 788, Laws of Fla.